IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MOSI WILLIAMS,

    Plaintiff,

vs.                              Case No. 4:11cv350-RH/WCS

DR. BETSY BECKER,

    Defendant.

                             /

## REPORT AND RECOMMENDATION

Defendant Becker filed a notice of removal on July 22, 2011, doc. 1, and simultaneously filed a brief (two pages, plus a certificate of service page) motion to dismiss. Doc. 4. Plaintiff, who is *pro se*, was directed to file a response, doc. 6, and he did so on August 8, 2011. The motion is ready for ruling.

**Allegations of the complaint**

The summons and complaint filed against the Defendant in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, was submitted along with the notice of removal. Doc. 3-1. Plaintiff names Dr. Betsy Becker, chair of the Department of Education Psychology and Learning Systems, Florida State University as

the Defendant.  Doc. 3-1, p. 1.  Plaintiff alleges that he sought to become a sport psychologist and claimed the Florida State University "presented itself as the ONLY sport psychology doctoral program in the nation that offered the opportunity to be licensed as a psychologist.  *Id.*, at 4.  Plaintiff was accepted into the program for the 2004 academic year and moved to Florida.  *Id.*  In late 2006, Plaintiff was informed that he had to apply for the counseling and school psychology program, even though he was already in the sport psychology doctoral program.  Plaintiff alleges that despite meeting the qualifications, he was rejected three times for the program.  Plaintiff alleges his last rejection came in 2011.  *Id.*, at 7.  Plaintiff left the Florida State University without graduating, but having completed six years of course work in sports psychology and counseling.  *Id.*, at 4-5.  Plaintiff alleges claims for breach of contract, discrimination based on race, misleading advertising and unfair trade practices.  *Id.*, at 5-6.[1]

**Motion to Dismiss, doc. 4**

Defendant contends the complaint should be dismissed for failure to state a claim.  Doc. 4.  Defendant argues that Dr. Betsy Becker is an employee of Florida State University and was acting in the course and scope of her employment.  *Id.*, at 1.  Defendant contends that pursuant to FLA. STAT. § 768.28(9)(a), "she is unable to be sued as a party Defendant and all claims against her should be dismissed with prejudice."  *Id.*  Defendant also asserts that the complaint must be dismissed for failure to exhaust administrative remedies because Plaintiff did not file a timely charge of

---

[1] The complaint contains Plaintiff's typed name, but does not include an original signature.  Doc. 3-1, p. 7.  The complaint also does not contain numbered paragraphs.

discrimination with the FCHR or the EEOC, nor did Plaintiff submit a Notice fo Sue as required by § 768.28.  *Id.*, at 1-2.

**Plaintiff's Response, doc. 7**

Plaintiff contends that Dr. Becker is the proper party because "during the course and scope of her employment as Chair of the Department [of] Educational Psychology and Learning Systems, the Department advertised a program and then did not provide Plaintiff with "the opportunity the program represented."  Plaintiff notes he was accepted into the program in 2004, and was told in 2006, "he had to change his major from sport psychology and apply to the counseling/school psychology program."  Doc. 7, p. 2.  Plaintiff states that he was reject edseveral times between 2007 and 2011, with "the final rejection letter coming from the Defendant herself" in 2011.  *Id.*

Plaintiff acknowledges that his claim of discrimination "was not filed with the FCHR or EEOC."  *Id.*, at 2.  However, Plaintiff contends administrative remedies were exhausted for the state law claims of breach of contract – indebtedness, misleading advertising, and deceptive and unfair trade practices."  *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 129

S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; see also Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  *Pro se* complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

**Analysis**

**Proper Defendant**

Before addressing Defendant's state law argument, another issue must be resolved *sua sponte*.  Defendant removed this case to this court because the complaint alleged a claim for discrimination under 42 U.S.C. § 2000, *et seq.*, and Defendant asserted that jurisdiction was proper here "by reason of the federal claims brought by the Plaintiff."  Doc. 1, p. 1.  42 U.S.C. § 2000d provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."   Individual parties may sue to enforce rights under Title VI and obtain injunctive relief and damages.  Alexander v. Sandoval, 532 U.S. 275, 279-280, 121 S.Ct. 1511, 1516 (2001) (holding that while a private right of action exists to enforce § 601 of Title VI, there is no "private right of action to enforce regulations promulgated under § 602"), *citing* Cannon v. University of

Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).  Only intentional discrimination is forbidden by § 601 of Title VI.  Guardians Assn. v. Civil Serv. Comm'n of New York City, 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983); Regents of Univ. of Cal. v. Bakke, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978).  However "a Title VI plaintiff can only seek recovery from the recipient of the federal funding." Shotz v. City of Plantation, 344 F.3d 1161, 1169-70 (11th Cir. 2003), *cited in* Alexander v. Underhill, 416 F.Supp.2d 999, 1007 (D.Nev., 2006); *see also* Powers v. CSX Transp., Inc., 105 F.Supp.2d 1295, 13101311 (S.D.Ala., 2000).  An "individual may not be held liable under Title VI."  Underhill, *supra*.  Thus, Defendant Becker is not the proper Defendant for the Title VI federal discrimination claim.  This claim should be dismissed against her, but with leave to amend to sue Florida State University for violation of Title VI.

Addressing the issue raised in Defendant's motion, Defendant states that "pursuant to Florida Statutes, section 768.28(9)(a), she is unable to be sued as a party" and, thus, Defendant moves for dismissal of "all claims against her . . . with prejudice." Doc. 4, citing Stohl v. Noel, 694 So. 2d 701, 702 (Fla. 1997).  The statute provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

FLA. STAT. § 768.28(9)(a).  The "exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental

entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee . . . ."  FLA. STAT. § 768.28(9)(a).

Plaintiff has not alleged that Defendant "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Thus, his state law tort claims should be dismissed.

Misleading advertising is a tort in Florida.  Burton v. Linotype Co., 556 So. 2d 1126, 1128 (Fla. 3d DCA 1989), *review denied*, 564 So.2d 1086 (Fla. 1990) (Table).  A violation of the Florida Deceptive and Unfair trade Practices Act, Fla. Stat. § 501.201, *et seq.*, is also a tort.  KPMG LLP v. Cocchi, 51 So.3d 1165 (Fla. 4th DCA 2010).  Thus, § 768.28 applies to those two claims.  Those claims should be dismissed against this Defendant, but with leave to amend to sue Florida State University.

Breach of contract is not a tort and the waiver of sovereign immunity contained in FLA. STAT. § 768.28 does not apply to an action for breach of contract.  American Home Assur. Co. v. National Railroad Passenger Corp., 908 So. 2d 459, 474 (Fla. 2005).  The motion to dismiss should be denied as to the breach of contract claim against this Defendant.

### Exhaustion of administrative remedies

Defendant contends that the complaint should be dismissed because Plaintiff did not file a timely charge of discrimination with the FCHR or the EEOC.  Doc. 4, pp. 1-2.  Plaintiff agrees that he did not file a claim of discrimination with either the FCHR or EEOC, although he alleged exhaustion administrative remedies within the University.  Doc. 7, pp. 2-3; doc. 3-1.  Presumably this is directed at the Title VI claim.

Defendant cites Wilkerson v. Grinnell Corp. 270 F.3d 1314 (11th Cir. 2001), for the proposition that Plaintiff must exhaust administrative remedies.  *Id.*  Wilkerson is a Title VII employment discrimination case.  Title VI claimants do not have to exhaust administrative remedies before filing suit.  North Carolina Dept. of Transp. v. Crest Street Community Council, Inc., 479 U.S. 6, 21 and n.3, 107 S.Ct. 336, 345 and n.3, 93 L.Ed.2d 188  (1986).  The EEOC does not enforce Title VI of the Civil Rights Act of 1964.[3]  This aspect of the motion to dismiss should be denied.

Plaintiff cites to the requirement of § 768.28(6)(a) that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing."  FLA. STAT. § 768.28(6)(a).  *If Plaintiff elects to amend to bring his tort claims against Florida State University, he must allege compliance with this statute.*  Until then, the issue is moot.

### Failure to State a Claim

Defendant made the conclusory allegations that the complaint fails to state a claim upon which relief may be granted.  Doc. 4, p. 1.  Defendant fails to provide any argument explaining how or why the complaint fails to state a claim.  Therefore, the motion to dismiss should be denied on this ground.

### RECOMMENDATION

---

[3]  The website of the U.S. Equal Employment Opportunity Commission lists the various discrimination laws which are not enforced by this agency, included in this list is Title VI.  http://www.eeoc.gov/laws/other.cfm#titlevi

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. The Court **GRANT in part** and **DENY in part** the motion to dismiss, doc. 4.

2. The Court **DISMISS without prejudice** all claims against Defendant Becker except for the state law contract claim, with leave to amend to substitute Florida State University as Defendant.

3. The Court **DENY** the motion to dismiss as to the contract claim against Defendant Becker.

4. The Court **ORDER** that if Plaintiff files an amended complaint, that he present his claims in numbered paragraphs as required by Rule 10, and that he sign the complaint as required by Rule 11.

5. The Court **REMAND** this case for further proceedings

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2011.


                s/    William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**